UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GGNSC EQUITY HOLDINGS, LLC, et al., : <br> Petitioners : <br> : <br> vs. : <br> : <br> BRIDGET T. BRESLIN, as Executrix : <br> for the Estate of John P. Breslin, : <br> deceased, : <br> : <br> Respondent : | CIVIL NO. 1:14-MC-00450 |

*M E M O R A N D U M*

*I.      Introduction*

We are considering three motions: a motion to dismiss; a motion to compel alternative dispute resolution; and a motion to strike. This matter relates to a petition to compel arbitration filed by Petitioners on August 6, 2014. (Doc. 1). On August 20, 2014, Respondent filed a motion to dismiss the petition. (Doc. 8). While the motion to dismiss was pending, Petitioners filed a motion seeking to compel alternative dispute resolution (ADR) and to stay state court proceedings. (Doc. 9). Petitioners filed another motion on September 24, 2004. (Doc. 18). That motion seeks to strike portions of Respondent's brief in opposition to the motion to compel ADR. For the reasons discussed below, we will deny Respondent's motion to dismiss, deny Petitioners' motion to compel ADR, grant Petitioners' motion to stay state court proceedings, and deny Petitioners' motion to strike.

*II.        Background*

On April 23, 2010, John P. Breslin was admitted as a resident of Golden Living Center - Camp Hill, a skilled nursing facility.  (Doc. 8 at 2; Doc. 12 at 2).  He died on September 27, 2013 while living at the Golden Living Center.  (Doc. 8 at 2; Doc. 12 at 3).  Respondent, executrix of Mr. Breslin's estate, filed a writ of summons against Petitioners in the Pennsylvania Court of Common Pleas of Cumberland County on January 6, 2014.  (Doc. 8 at 2).  Named as defendants in the state action are Petitioners, as well as Denise Curry.  (Id.).  Denise Curry is the regional vice president of Petitioners and a Pennsylvania resident.  (Doc. 12 at 5).  On July 23, 2014, Respondent served a complaint in the state action.  (Id.).  The complaint claims that Petitioners and Curry were negligent in the care and treatment of John Breslin.  (Doc. 1-2).  On August 6, 2014, Petitioners filed preliminary objections to Respondent's complaint, seeking to enforce an alternative dispute resolution agreement (ADR agreement).  (Doc. 12 at 5).  On the same date, Petitioners filed the instant petition with this court, seeking to compel arbitration, stay the state proceedings, and seeking declaratory relief.  (Id.).

Petitioners claim that John Breslin executed a Durable Power of Attorney on August 25, 2005, under which Martha M. Zeiders was appointed as his agent.  (Doc. 12 at 2).  Petitioners assert that pursuant to the Durable Power of Attorney, when Mr. Breslin was admitted to the Golden Living Center, Zeiders entered into a valid ADR agreement on his behalf.  (Doc. 12 at 3).  The ADR agreement provides that "any and all disputes arising out of or in any way relating to [the ADR agreement] or [John Breslin's]

stay at the Facility . . . shall be resolved exclusively by an ADR process that shall include mediation and, where mediation is not successful, binding arbitration." (Doc. 1-3 at 3). Additionally, in bold capital letters, it states that the parties "**UNDERSTAND, ACKNOWLEDGE, AND AGREE THAT THEY ARE SELECTING A METHOD OF RESOLVING DISPUTES WITHOUT RESORTING TO LAWSUITS OR THE COURTS, AND THAT BY ENTERING INTO THIS AGREEMENT, THEY ARE GIVING UP THEIR CONSTITUTIONAL RIGHT TO HAVE THEIR DISPUTES DECIDED IN A COURT OF LAW BY A JUDGE OR JURY** . . . ." (Doc. 1-3 at 2).

Asserting various grounds, Respondent filed a motion to dismiss the petition to compel arbitration. (Doc. 8). While that was pending, Petitioners filed a motion to compel ADR. (Doc. 9). Respondent opposed the motion by making numerous arguments to attack the validity of the agreement, including that Zeiders never signed the agreement. (Doc. 17-1). Finally, Petitioners filed a motion to strike portions of Respondent's brief in opposition. (Doc. 18).

*III.         Discussion*

*A. Motion to Dismiss*

Respondent makes four arguments to support her motion to dismiss. First, she claims that the petition was not served in accordance with Federal Rule of Civil Procedure 4. Next, she argues that Petitioners failed to join an indispensable party and the compulsory joinder of that party causes us to lose subject matter jurisdiction. Third, Respondent asserts that we should dismiss the petition under the Colorado River

3

abstention doctrine. Last, she claims that, pursuant to the Anti-Injunction Act, we lack authority to grant the petition.

### 1. *Service of Process*

Federal Rule of Civil Procedure 4(e) provides that an individual within a judicial district may be served by (1) following state law for serving a summons, (2) delivering a copy of the summons and complaint to the individual personally, (3) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or (4) delivering a copy of each to an agent. FED. R. CIV. P. 4(e). Here, a private firm served the petition upon Respondent by leaving a copy with the manager of Respondent's apartment complex. (Doc. 8-2 at 2). Respondent argues that such service was insufficient under Federal Rule of Civil Procedure 4. We disagree.

First, Respondent argues that the service did not comply with Pennsylvania law. Pennsylvania Rule of Civil Procedure 400 dictates that original process must be served by a sheriff.[1] PA. R. CIV. P. 400. Here, the petition was served by a firm hired to serve process, not by a sheriff. Accordingly, we agree the service did not satisfy

---

1. There are exceptions to this rule. A competent adult may also serve process if the action was initiated in Pennsylvania's First Judicial District (Philadelphia County) or the action is a domestic relations matter. PA. R. CIV. P. 4001.1; 1930.4. Further, a competent adult may serve process if the action includes a request for special injunctive relief in a state court, the perpetuation of testimony or appointment of receiver, partition, or declaratory judgment when declaratory relief is the only relief sought. PA. R. CIV. P. 400(b). Petitioners do not argue that any of these exceptions apply.

Pennsylvania law.[2]  Next, Respondent argues that process was not served on Respondent personally and was not served upon her agent.  These contentions are not refuted by Petitioners.  Last, Respondent argues that the petition was not left at her dwelling with someone of suitable age and discretion <u>who resides there</u> because the apartment complex manager does not reside in her apartment or in the same apartment complex.  (Doc. 8 at 4).  We find that the apartment manager satisfies the residency requirement of Rule 4(e).

      Federal courts have liberally construed the "who resides there" language of Rule 4(e) to include personal residences and business residences.  <u>Hartford Fire Ins. Co. v. Perinovic</u>, 152 F.R.D. 128, 131 (N.D. Ill. 1993); <u>Pickford v. Kravetz</u>, 17 Fed. Rules Serv. 4d 121 (S.D.N.Y. 1952).  Therefore, the residency requirement is met if a person receiving the process is employed at the defendant's place of residence and has authority, whether expressed or by customary practice, to receive correspondence on behalf of the tenants.  <u>See, e.g.</u>, <u>Nowell v. Nowell</u>, 384 F.2d 951 (5th Cir. 1967) (holding service on apartment manager was sufficient); <u>Smith v. Kincaid</u>, 249 F.2d 243 (6th Cir. 1957) (holding service on landlady was sufficient); <u>131 Main St. v. Manko</u>, 897 F. Supp. 1507, 1525 (S.D.N.Y 1995) (holding doorman satisfied the requirement); <u>Three Crown Ltd. P'ship v. Caxton Corp.</u>, 817 F. Supp. 1033, 1051 (S.D.N.Y. 1993) (holding doorman satisfied the requirement); <u>Perinovic</u>, 152 F.R.D. at 131 (holding doorman satisfied

---

2. Petitioners seem to argue that service did comply with Pennsylvania law because Rule 402 allows process to be served on the manager of a defendant's apartment house.  Pa. R. Civ. P. 402.  Here, however, with respect to Pennsylvania law, we are not concerned with to whom process was served.  We are concerned with by whom process was served.

5

requirement); Pickford, 17 Fed. Rules Serv. 4d 121 (holding hotel manager satisfied the requirement).[3]

Here, the process was received by an employee of Respondent's dwelling place – the apartment complex manager. (Doc. 8-2 at 2). Further, the manager informed the process server that she had the authority to accept correspondence on behalf of Respondent. (Doc. 12-5 at 2). Thus, we find that process was left at Respondent's place of dwelling with someone of suitable age and discretion who resided there. Accordingly, we find that service of process was sufficient under Rule 4(e).

### *2. Lack of Subject Matter Jurisdiction*

In their petition, Petitioners assert that we have jurisdiction based on diversity of citizenship. Diversity jurisdiction "requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010). "[D]iversity of citizenship is determined by reference to the parties named in the proceeding before the district court, as well as by any indispensable parties who must be joined pursuant to Rule 19 of the Federal Rules of Civil Procedure." Doctor's Assocs., Inc. v. Distajo, 66 F.3d 438, 445 (2d Cir. 1995). Respondent argues that Denise Curry, the regional vice president of Petitioners and a named defendant in the state action, is a necessary and

---

3. Cf. Kolker v. Hurwitz, 269 F.R.D. 119, 123-24 (D. Puerto Rico 2010) (holding security guard lacked authority to receive defendant's correspondence); Hardy v. Kaszycki & Sons Contractors, Inc., 842 F. Supp. 713 (S.D.N.Y. 1993) (holding non-employee of facility was not a resident of Defendant's dwelling); Zuckerman v. McCulley, 7 F.R.D. 739, 741 (E.D. Mo. 1947) (indicating janitor lacked authority to accept correspondence).

indispensable party in this proceeding.  Therefore, Respondent argues that since Curry and Respondent are both citizens of Pennsylvania, there is not complete diversity of citizenship, and we lack subject matter jurisdiction.  We disagree.

Federal Rule of Civil Procedure 19 dictates when joinder of a party is compulsory.  Pursuant to Rule 19, a "court must first determine 'whether a person is necessary to the action and should be joined if possible.' " PaineWebber, Inc. v. Cohen, 276 F.3d 197, 200 (6th Cir. 2001).  If the person is necessary, but joinder of that person would defeat diversity of citizenship, the court must determine if the absent party is indispensable, or if the action, "in good equity and good conscience," should proceed among the existing parties.  FED. R. CIV. P. 19(b); Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312, 319 (3d Cir. 2007).  If the party is indispensable, the court must dismiss the action for lack of subject matter jurisdiction.  Gen. Refractories Co., 500 F.3d at 319.

An absent party is necessary if, *inter alia*, the party claims an interest relating to the action, and disposing of the action may leave an existing party subject to substantial risk of incurring inconsistent obligations.  FED. R. CIV. P. 19(a).  Here, Curry has an interest because the ADR agreement covers all claims against Petitioners and Curry.  (Doc. 1-3 at 2) (covering "employees, agents, officers, directors, affiliates and any parent or subsidiary").  Further, there is a risk that the existing parties could incur inconsistent obligations.  If we were to reach a different conclusion than the state court concerning the enforceability of the ADR agreement, Respondent would have

7

inconsistent remedies. See GGNSC Louisville Hillcreek, LLC v. Warner, No. 3:13-CV-752, 2013 WL 6796421 at * 3 (W.D. Ky. Dec. 19, 2013) (holding, in near identical circumstances, administrator of nursing facility a necessary party).  Therefore, we find Curry is a necessary party.

There are four factors to balance when determining whether a necessary party is indispensable: (1) extent to which judgment rendered in the person's absence might prejudice that person or existing parties; (2) extent to which any prejudice could be lessened or avoided by protective provisions in the judgment, by shaping of relief, or by other measures; (3) whether judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.  FED. R. CIV. P. 19(b).  Respondent argues that she would be prejudiced if Curry were not joined because of the risk of inconsistent procedures.  She further argues that this prejudice cannot be mitigated by any provisions in the judgment, and Petitioners would have an adequate remedy in state court if the action were dismissed.  We disagree.

The potential prejudice to Respondent resulting from inconsistent procedural remedies is minimal.  PaineWebber, Inc., 276 F.3d at 201; Golden Gate Nat. Senior Care, LLC v. Addison, No. 14-MC-0421, 2014 WL 4792386 * 7 (M.D. Pa. Sept. 24, 2014) (Rambo, J.) (finding in an identical petition that risk of prejudice was low). Additionally, the possibility that Respondent may have to resolve its disputes in two separate forums "occurs because the [FAA] *requires* piecemeal resolution when

necessary to give effect to an arbitration agreement." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 20 (1983).   Thus, the FAA's strong policy in favor of arbitration overcomes any prejudice Respondent may experience from piecemeal litigation that results from Curry's absence. Distajo, 66 F.3d at 446. Accordingly, the degree of prejudice experienced by Respondent does not weigh in favor of finding Curry indispensable, and we need not consider how protective provisions might reduce an already minimal risk of prejudice. PaineWebber, Inc., 276 F.3d at 205. With respect to the third factor, Respondent admits that she "can receive adequate judgment against Petitioners separately, whether in arbitration or otherwise." (Doc. 8 at 15). Finally, the fourth factor weighs in favor of finding Curry indispensable. Petitioners could seek to compel arbitration in state court, which they have already done. On balance, however, this alone is insufficient for us to conclude that Curry is indispensable. Addison, 2014 WL 4792386 at * 8 (reaching same conclusion). Accordingly, we find that complete diversity of citizenship exists.

### 3. *Colorado River* Abstention

"The Colorado River doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding." Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 307 (3d Cir. 2009). It is "an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976). A two part analysis is

necessary to determine if the use of Colorado River abstention is appropriate. Nationwide, 571 F.3d at 307-08.  First, there must be parallel state and federal proceedings.  Id.  If parallel proceedings exist, various factors are weighed.[4]  Id. Respondent argues that we should dismiss the petition pursuant to the Colorado River abstention doctrine because a parallel state court action is pending in Cumberland County.

Parallelism exists if the proceedings "involve the same parties, same legal and factual issues, and seek the same remedies."  Allied Nut & Bolt, Inc. v. NSS Indust., Inc., 920 F. Supp. 626, 630-31 (E.D. Pa. 1996).  See also Yang v. Tsui, 416 F.3d 199, 204 n.5 (3d Cir. 2005).  Here, the remedies sought in each forum are different.  In the federal "action, petitioners seek to compel arbitration; in the state court action, the respondent/plaintiff seeks monetary damages for the alleged torts.  This difference alone is enough to show that the proceedings are not parallel under Third Circuit case law." GGNSC Lancaster v. Roberts, No. 13-5291, 2014 WL 1281130 * 3 (E.D. Pa. March 31, 2014).  See also Harris v. Pernsley, 755 F.2d 338, 345 (3d Cir. 1985)(holding proceedings were not "truly parallel since federal court plaintiffs seek money damages while the state court plaintiffs do not"); Addison, 2014 WL 4792386 at *9 (holding, in near identical circumstances, that proceedings were not parallel).  Therefore, we find that the

---

4. In pertinent part, those factors include: (1) the desirability of avoiding piecemeal litigation; (2) the order in which jurisdiction was obtained; (3) whether federal or state law controls; and (4) whether state court will adequately protect the interests of the parties.  Nationwide, 571 F.3d  at 308.

proceedings are not parallel, and we are precluded from applying the Colorado River abstention doctrine.[5]

### 4. Authority Under the Anti-Injunction Act

The Anti-Injunction Act provides that a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. Respondent argues that pursuant to the language of the Anti-Injunction Act, we lack authority to grant the stay Petitioners request and must dismiss the petition. We disagree. Authority to grant injunctions during the pendency of petitions to compel arbitration exists under the second exception to the Anti-Injunction Act. See Manor Care of Camp Hill, PA, LLC v. Fleagle *ex rel.* Fritz, No. 1:13-CV-2449, 2013 WL 6185604 (M.D. Pa. Nov. 25, 2013); Roberts, 2014 WL 1281130 at * 4 n.19. An injunction is necessary to aid in exercising jurisdiction over the petition to compel

---

5. Even if the proceedings were parallel, the factors weigh against applying Colorado River abstention. See Addison, 2014 WL 4792386 at * 11-12 (holding Colorado River should not be applied). First, the desireability of avoiding piecemeal litigation weighs against abstention. As discussed above, the FAA has a strong policy in favor of piecemeal litigation if necessary to preserve arbitration rights. Next, the priority of jurisdiction weighs against abstention. Priority is not measured solely by which complaint was filed first, it is also measured by how much progress has been achieved. Moses H. Cone, 460 U.S. at 21. Only two weeks after being served with the complaint, Petitioners filed preliminary objections with the state court and filed this petition. Thus, despite Respondent's claims to the contrary, and despite her claims of forum shopping, both proceedings are at the exact same progression and abstention is not warranted under this factor. See Manor Care of Camp Hill, PA, LLC v. Fleagle *ex rel.* Fritz, No. 1:13-CV-2449, 2013 WL 6185604 (M.D. Pa. Nov. 25, 2013). Next, the applicability of state or federal law does not favor either position. Federal law applies to the interpretation of the agreement, and state law applies to the formation of the contractual agreement. Id. at *6. Finally, whether the state court will adequately protect Petitioner's interest weighs in favor of abstention. Balancing these factors, this case does not rise to the level of an exceptional circumstance in which we abdicate our obligation to decide a case before us. See Warner, 2013 WL 6796421 at *5-6.

arbitration. Id.; See also Addison, 2014 WL 4792386 at * 15 (finding injunction necessary to effectuate the court's judgment).   Thus, we find that we have authority under the Anti-Injunction Act to stay the state court proceedings.

For the reasons discussed above, we will deny Respondent's motion to dismiss.

*B. Motion to Compel Alternative Dispute Resolution and to Stay State Court Proceedings*

On August 25, 2014, Petitioners' filed a motion to compel alternative dispute resolution. (Doc. 9).  They argue that an enforceable ADR agreement exists, and the dispute between Petitioners and Respondent is within the scope of that agreement. (Doc. 9; Doc. 10; Doc. 20).  Therefore, Petitioners ask that we stay the state court proceeding initiated by Respondent and order Respondent to mediate, and then arbitrate if necessary, the claims commenced by Respondent in state court. (Id.).  In turn, Respondent asserts, on various grounds, that the ADR agreement is not enforceable and asks us to deny Petitioners' motion. (Doc. 17; Doc. 17-1).

As a threshold matter, we must determine what standard of review applies to Petitioners' motion to compel.  When it is clear from the face of the complaint and its supporting documents[6] that a party's claims "are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6)

---

6. Supporting documents includes documents permissibly viewed under the 12(b)(6) standard. This includes complaints, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010).

12

standard without discovery's delay." Guidotti v. Legal Helpers Debt Resolution, LLC, 716 F.3d 764, 776 (3d Cir. 2013).   However, "a Rule 12(b)(6) standard is inappropriate when . . . the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate." Id. at 775. Accordingly, "if the complaint and its supporting documents are unclear regarding an agreement to arbitrate . . . then the parties should be entitled to discovery . . . ." Id. at 776.  "After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under the summary judgment standard." Id.

Respondent contests the validity of the signature on the ADR agreement and asserts "upon information and belief" that Martha Zeiders did not sign the agreement. (Doc. 17 at 2; Doc. 17-1 at 11).  Respondent therefore argues that discovery is necessary to determine (1) the circumstances surrounding the execution of the agreement, (2) whether Zeiders did in fact sign the agreement, and (3) when the agreement was signed. (Doc. 17-1 at 12-13).  Thus, Respondent implicitly argues that the summary judgment standard applies.  Conversely, Petitioners argue that the 12(b)(6) standard applies.  They argue that 12(b)(6) is appropriate because the ADR agreement is undisputedly authentic, the comparison of signatures proves that Zeiders signed the agreement, Respondent has provided no evidence that the signature is not Zeiders, and there are no facts in the complaint that places the validity of the agreement in issue.  We find that Respondent is entitled to limited discovery.

13

First, there is no mention of an ADR agreement within Respondent's state court complaint. See (Doc. 1-2). Cf. Guidotti, 716 F.3d at 776-77 (finding reference to agreement in complaint allowed for review under 12(b)(6); Lehigh v. Chesapeake Appalachia, LLC, No. 1:13-CV-2018, 2013 WL 6191739 at * 2 (M.D. Pa. Nov. 26, 2013)(Caldwell, J.)(applying 12(b)(6) standard because complaint referred to lease agreement that contained arbitration clause)). Further, the ADR agreement is not appended to the complaint, allowing us to review it under the 12(b)(6) standard. Cf. Somerset Consulting, LLC v. United Capital Lenders, LLC, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011) (applying 12(b)(6) because ADR agreement was attached to complaint). Last, the agreement is not undisputedly authentic because Respondent contests the validity of ADR agreement and challenges whether the agreement was ever entered into by Zeiders. Cf. Aluminium Bahrain B.S.C. v. Dahdaleh, No. 8-299, 2014 WL 1681494 at * 2 (W.D. Pa. April 28, 2014) (applying 12(b)(6) standard because opposing party did not contest the validity of, or intent to be bound by, the agreement, causing the agreement to be undisputedly authentic). Thus, Petitioners' motion to compel does not have as its predicate a complaint with the requisite clarity to establish on its face that the parties agreed to arbitrate. Accord Defillipis v. Dell Fin. Servs., No. 3:14-CV-00115, 2014 WL 4198015 at * 2-3 (M.D. Pa. Aug. 22, 2014) (holding that despite the complaints reference to an arbitration agreement, the 12(b)(6) was not appropriate); Alexander v. Raymours Furniture Co., No. 13-5387, 2014 WL 3952944 at * 3 (E.D. Pa. Aug. 13, 2014) (applying summary judgment standard due to lack of clarity in complaint regarding ADR

14

agreement); Porreca v. Rose Grp., No. 13-1674, 2013 WL 6498392 at * 7 (E.D. Pa. Dec. 11, 2013) (noting court required limited discovery because complaint did not make clear dispute was subject to ADR agreement); MacDonald v. Unisys Corp., 951 F. Supp. 2d 729, 735-38 (E.D. Pa. 2013) (holding summary judgment standard applies).

Additionally, Petitioners' arguments that the 12(b)(6) standard is the correct standard are unavailing.  First, Petitioners arguement that the ADR agreement is undisputedly authentic is unpersuasive.  (Doc. 10 at 7).  We construe Petitioners to argue that an undisputedly authentic document can be reviewed in conjunction with the complaint, and a review of the undisputedly authentic ADR agreement makes it clear that the dispute is subject to alternative dispute resolution.  Thus, the 12(b)(6) standard applies.  While it is true that we can review undisputedly authentic documents if the claims are based on these documents, see Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010), the ADR agreement Petitioners attach to their motion to compel is not undisputedly authentic.  Indeed, Respondent disputes whether it was ever signed.  Further, the ADR agreement is not the basis of Respondent's state court claims.  Therefore, we cannot examine the ADR agreement in conjunction with the complaint to determine if it is clear the parties agreed to arbitrate the dispute.  Similarly, Petitioners argument that a comparison of signatures establishes that Zeiders signed the agreement does not support the application of the 12(b)(6) standard.  (Doc. 20 at 12).  While Petitioners' contentions may ultimately be proven true, all of these documents are outside of the complaint and complaint-related documents, placing them beyond our view under the 12(b)(6) standard

and beyond our view when determining if there is a clear indication the parties agreed to arbitrate. Mayer, 605 F.3d at 230.

Next, Petitioners' argument that the 12(b)(6) standard applies because Respondent has provided no evidence to support the assertion that Zeiders never signed the agreement is premature. (Doc. 20 at 12). Under the 12(b)(6) standard, we look only at the face of the pleadings. Id. Thus, at this stage, we cannot expect Respondent to produce record evidence.[7]  Last, Petitioners' argue the 12(b)(6) standard applies because Respondent did not make any allegations in her complaint placing the agreement in issue. (Doc. 10 at 7). Under the Third Circuit's holding in Guidotti, the plaintiff only has the burden to plead additional facts to place the agreement in issue if the complaint is clear the parties agreed to arbitrate. Guidotti, 716 F.3d at 776. Here, there is nothing in the complaint or attached documents that indicate the parties agreed to arbitrate, and Respondent thus need not plead additional facts.

Accordingly, we find that the 12(b)(6) standard is not appropriate, and we find that Respondent is entitled to limited discovery. In order to permit limited discovery, we will dismiss without prejudice Petitioners' motion to compel ADR. We will allow the parties to engage in discovery limited in duration to sixty days and limited in the scope to

---

7. We remind Respondent that her filings are subject to Rule 11 of the Federal Rules of Civil Procedure, violation of which may result in sanctions. Rule 11 states that by submitting a signed writing to the court, that party is certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support . . . ." FED. R. CIV. P. 11(b). Thus, when Respondent averred in her Response to Petitioners' Motion to Compel (Doc. 17) that Zeiders did not sign the ADR agreement, she must have had information or belief that evidentiary support existed for that contention. Following discovery, should Petitioners file a renewed motion to compel arbitration, we will be interested to see what that evidence might be.

the following issues: (1) the circumstances surrounding the execution of the agreement; (2) whether Zeiders did in fact sign the agreement; and (3) when the agreement was signed.  After the close of discovery, Petitioners may file a renewed motion to compel alternative dispute resolution, and we will review that motion under the summary judgment standard by looking at all record evidence produced during discovery.  Because our dismissal of Petitioners' motions on standard of review grounds makes it unnecessary to address Respondent's remaining arguments, we decline to address them now.  We will address those arguments if a renewed motion to compel alternative dispute resolution is filed.

Although we will deny without prejudice Petitioners' other motions, we will grant Petitioners' motion to stay the state court proceedings initiated by Respondent.  As discussed in the context of Respondent's motion to dismiss, we have authority to stay a state court proceeding if the injunction is necessary to aid in the exercise of our jurisdiction.  See Fleagle, 2013 WL 6185604 at * 4; Roberts, 2014 WL 1281130 at * 4 n.19.  Here, we find that staying the state court proceeding is necessary to aid in exercising our jurisdiction over the petition to compel arbitration.  Accordingly, we will order the state court proceedings stayed during the pendency of the petition to compel arbitration.

*C. Motion to Strike*

In Respondent's brief in opposition to Petitioners' motion to compel ADR, she cites to an affidavit of David J. Hoey to argue that the ADR agreement is

17

unconscionable.  (Doc. 17-1 at 17 n.28; Doc. 17-6).  Petitioners filed a motion to strike all references to the Hoey Affidavit.  They argue that the affidavit is "immaterial, impertinent, and scandalous" because the affiant intended the affidavit to be used in an unrelated and unidentified case.  (Doc. 18; Doc. 19).  Further, they assert that the arguments within the Hoey Affidavit lack merit.  (Id.).  Therefore, Petitioners claim that any reference to the Hoey Affidavit in Respondent's brief in opposition should be stricken pursuant to Federal Rule of Civil Procedure 12(f).  Since we decline to address Respondent's remaining arguments, including her unconscionability argument, Petitioners' subsequent motion to strike is moot.  However, to avoid duplicative motions and duplicative arguments in future briefing, we will discuss the Petitioners' motion to strike here.

   We raise *sua sponte* the issue of whether Rule 12(f) is the appropriate vehicle for striking material from briefs.  Federal Rule of Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  Thus, Rule 12(f) only applies to documents defined as a "pleading" under the Federal Rules of Civil Procedure.[8]  See Am. Standard Life & Accident Ins. Co. v. U.R.L., Inc., 701 F. Supp. 527, 531 (M.D. Pa. 1988) (Caldwell, J.) ("Rule 12(f) should be strictly construed.").  It is not meant as an instrument to attack "motions, briefs or memoranda, objections, or affidavits."  United States v. Endo Pharm., Inc., No. 05-3450, 2014 WL 4209006 at * 2 (E.D. Pa. Aug. 25, 2014); Freedom

---

8. The Federal Rules of Civil Procedure define pleading to include: a complaint; an answer to a complaint; an answer to a counterclaim designated as a counterclaim; an answer to a counterclaim; a third-party complaint; and an answer to a third-party complaint. FED. R. CIV. P. 7(a).

from Religion Found., Inc. v. New Kensington-Arnold Sch. Dist., No. 12-1319, 2012 WL 6629643 at *4 (W.D. Pa. Dec. 19, 2012); Walthour v. Tennis, No. 3:CV-06-0086, 2008 WL 318386 at * 8 (M.D. Pa. Feb. 4, 2008) (Vanaskie, J.).   Accordingly, we find that Petitioners cannot utilize Rule 12(f) to strike Respondent's reference to the Hoey Affidavit within her brief in opposition.  Petitioners' motion to strike will therefore be denied.

*IV.*        *Conclusion*

For the reasons discussed above, we will deny Respondent's motion to dismiss.  Further, we will deny without prejudice Petitioners' motion to compel alternative dispute resolution.  We will order limited discovery and stay the state proceedings during the pendency of the petition to compel arbitration.  Finally, we will deny Petitioners' motion to strike.  An appropriate order will be issued.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge